CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 06 2011

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARTIN VANBUREN BARR III, ) | |
| ) | |
| Petitioner, ) | Case No. 7:10-cv-485 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| COMMONWEALTH OF VIRGINIA, et al., ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Respondents. ) | |

The petitioner, Martin Vanburen Barr III, an inmate in a Virginia state prison, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 28, 2010. In it, he alleges that the Virginia Department of Corrections ("VDOC") has erroneously excluded or miscalculated certain pretrial credits and good time credits that he claims should have been applied against his state sentence.

Barr has previously raised his concerns before the Supreme Court of Virginia, but the Court summarily dismissed his state habeas petition, stating that "[state] habeas corpus does not lie in this matter" pursuant to Carroll v. Johnson, 685 S.E.2d 647, 652 (Va. 2009). See Martin Vanburen Barr, III, No. 1145525 v. Dir. of the Dep't of Corrections, et al., No. 101621 (Va. Sept. 14, 2010). After Barr filed his present § 2254 petition, VDOC realized that it had, in fact, made an error in calculating Barr's release date and amended its computations such that his projected good time release date was moved forward by almost seven months. (Docket No. 15-3 at 12-13.) After Barr's sentence was recalculated, the respondents moved to dismiss each of Barr's claims.

On March 9, 2011, the court entered an order denying the respondents' motion in part and taking it under advisement in part. The court noted that the respondents had conceded that

Barr's state habeas petition constituted the requisite exhaustion of the claims he raises in his petition under § 2254. See 28 U.S.C. § 2254(b)(1)(A), (B). But see 28 U.S.C. § 2254(c) (a claim is not exhausted if an applicant may raise it "by any available procedure" under state law). As it was apparent that Barr's state habeas petition was not adjudicated on its merits, the court ordered that the record be further developed so that the merits of Barr's claims could be reviewed. In particular, the respondents were directed to submit a detailed affidavit (the "Supplemental Affidavit") outlining each sequential step in VDOC's calculation of Barr's term of incarceration, including the amounts and application of jail credit and good time credit that were applied against his state sentences. See Docket No. 22-1. The court then directed the petitioner to focus his challenges as follows:

> To the extent that the petitioner challenges the respondents' chronological summary of the execution of his sentence, he must identify the specific numbered paragraph with which he disagrees and provide legal and evidentiary support for his contention that the respondent's calculation is incorrect. Each challenge must be set forth in a separate paragraph. Challenges which do not comport with the above instructions will not be considered.

(Docket No. 20.)

## Discussion

Because the petitioner is proceeding pro se, his pleadings must be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). The requirement of liberal construction does not mean, however, that the court can ignore a clear failure in the pleading to "allege anything that remotely suggests a factual basis for the claim." Weller v. Department of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990). Moreover, "judges are not . . . required to construct a [pro se] party's legal arguments for him."

Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993). Likewise, the court is not required to "attempt[] to divine the point" the litigant seeks to make about the specific facet of the proceedings that he challenges. Id. Where the petitioner's motion, when viewed against the record, does not state a claim for relief, it should be dismissed. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Barr has identified five specific areas of contention with the Supplemental Affidavit. He first takes issue with the Supplemental Affidavit's failure to specifically set forth the rate at which he earned good time with respect to the calculations set forth in Paragraph 9. (Docket No. 26 at 1-2.) This claim is patently frivolous. Not only is it eminently clear that the applicable rate was 15 good time days per 30 days served, but Barr also received credit at that rate when he was given 9.5 days of credit for the 19 days he served. (Docket No. 22-1 at ¶¶ 9, 10.)

Second, Barr challenges VDOC's identification of January 6, 2008 as his parole return date. Barr claims instead that he was arrested on December 7, 2007 and held in Rappahannock Regional Jail until January 18, 2008, when he was allegedly released on bail. (Docket No. 26 at 2.) Barr's records show a gap in his jail credit between January 18, 2008 and February 17, 2008. (Docket No. 22-1 at 14.)

The court recognizes, of course, that errors of state law are not redressable on federal habeas. Federal habeas relief may be granted only if Barr demonstrates that his custody is in violation of federal law. 28 U.S.C. § 2254(a). Further, "[i]t is beyond the mandate of federal habeas courts . . . to correct the interpretation by state courts of a state's own laws." Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010); Warren v. Baskerville, 233 F.3d 204, 207 (4th Cir. 2000). See also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a

federal habeas court to reexamine state-court determinations on state-law questions."). To the extent that Barr claims that he is incarcerated in violation of state law, therefore, he is entitled to no relief in federal court.[1]

To the extent that Barr's second contention claims that he was deprived of pretrial jail credit, he is correct that such a circumstance would constitute a deprivation of a federal constitutional right. Durkin v. Davis, 538 F.2d 1037, 1039-40 (4th Cir. 1976). But it is clear that Barr has not in fact been deprived of any deserved jail credit by VDOC's identification of January 6, 2008 as his parole return date. Under Barr's version of the facts, VDOC's calculation has deprived him of 30 days' jail credit (from December 7, 2007 to January 6, 2008) and attendant good time credit. But this putative loss is offset by the fact that VDOC gave him jail credit and attendant good time credit for the 30-day period between January 18 and February 17, 2008—during which time Barr was allegedly out on bail. (Docket Nos. 22-1 at 4-5, 14.) As a consequence, even if VDOC did make a clerical error in its computations,[2] any such error has had no impact on the total amount of jail and good time credit that Barr received. Barr's second contention therefore does not raise the specter of a constitutional deprivation.

Barr's third challenge to the Supplemental Affidavit urges that VDOC improperly

---

[1] On the other hand, even the respondents appear to concede that inmates in Barr's position have no recourse under Virginia law to assert the challenges he does here. Barr has not argued, however, that his lack of recourse to a state judicial forum raises federal due process concerns, and the court therefore sees no reason to address this issue at this time. Cf. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 449–53 (1985) (declining to decide whether due process requires judicial review of decisions by a prison disciplinary board); Kondrosky v. Pierce, 85 F.3d 616, 1996 WL 228803, at *2 (4th Cir. Apr. 29, 1996) (table) (collecting cases). But see Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) ("[T]o hold that a state violates the Due Process Clause every time it violates a state-created rule regulating the deprivation of a property interest would contravene the well recognized need for flexibility in the application of due process doctrine.").

[2] The respondents have explained that Barr was arrested for a parole violation on February 17, 2008. They note that Barr's arrest date is reflected as January 6 instead of February 17 "to allow jail credit for the period of December 7, 2007 through January 18, 2008." (Docket No. 15-3 at 2.)

4

calculated Barr's sentence by having him serve his parole eligible sentence prior to serving his parole ineligible sentence. Barr takes issue with this maneuver because it is contrary to VDOC "policy." (Docket No. 26 at 5.) Unfortunately for Barr, there is no constitutional right to parole. Vann v. Angelone, 73 F.3d 519, 521 (4th Cir. 1996). Moreover, the decision regarding the optimal sequence in which an inmate should serve his multiple state sentences is precisely the type of state prerogative with which a federal court may not meddle. Estelle, 502 U.S. at 67-68; Lenz v. Washington, 444 F.3d 295, 304-05 (4th Cir. 2006). Indeed, "[i]f the States are to have any freedom in developing optimal parole systems, they must be able to make policy adjustments without raising the specter of constitutional litigation." Warren v. Baskerville, 233 F.3d 204, 208 (4th Cir. 2000). And in any event, it appears from the record that Barr had already completed his parole eligible sentence prior to even receiving a sentence for his parole ineligible crimes. (Docket No. 22-1 at ¶ 15.) As a result, Barr's third challenge can afford him no relief.

Fourth, Barr contends that the Supplemental Affidavit errs in paragraph 15 inasmuch as VDOC improperly classified him as earning good time credit at Level 0 instead of at Level I. (Docket No. 26 at 6.) It is settled law, however, that "the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison." Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Instead, loss of good time credit can constitute a deprivation of a federal constitutional right only where the state has previously conferred such a right upon an inmate:

> [T]he State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.

Wolff v. McDonnell, 418 U.S. 539, 557 (1974).

As the United States Court of Appeals for the Fourth Circuit has explained, state-law inmate classification regimes, even though they may create enforceable state-law rights, do not create constitutionally protected liberty interests absent their establishment of substantive limitations on official discretion. See Slezak v. Evatt, 21 F.3d 590, 594-95 (4th Cir. 1994). See also Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979); Montgomery v. Anderson, 262 F.3d 641, 644-45 (7th Cir. 2001). Barr has made no such claim with respect to the Virginia statutes under which he contends VDOC erred. Nor does he complain about the process by which VDOC failed to award him good time credits; he takes umbrage only with the outcome of the VDOC's calculations. Barr has not alleged anything resembling a claim that he was denied his "minimum" procedural due process rights with respect to his classification under the relevant statutory schemes. Wolff, 418 U.S. at 557. His fourth contention is therefore not redressable in this § 2254 petition. See 28 U.S.C. § 2254(a); Coffin v. Murray, 983 F.2d 563, 568 (4th Cir. 1992).

Barr's fifth challenge to the Supplemental Affidavit also fails to state a claim for federal habeas relief. He essentially argues that VDOC erred in failing to award him twenty days of exemplary good time credits, as was recommended by an administrator at a Prince William County jail. (Docket Nos. 26 at 6-8, 26-1 at 17-18.) Again, the federal constitution does not give Barr any free-standing right to good time credit. Wolff, 418 U.S. at 557. At most, Barr possesses only the right not to be divested without due process of good time credits to which he has "a legitimate claim of entitlement." Greenholtz, 442 U.S. at 7; Montgomery, 262 F.3d at 644-45.

In this case, however, he claims not that previously-banked good time credits were

stripped away from him but that he was "not properly provided" with them in the first place. (Docket No. 26 at 8.) Unfortunately for Barr, nothing in the record indicates that VDOC administrators were without discretion to reject a jail administrator's recommendation that good time be awarded to an inmate. Cf. Slezak, 21 F.3d at 594-95. To the extent that Barr cites Virginia Code § 53.1-116 as providing that good time credits granted by a jailer "shall" be credited to a prisoner, his argument cannot dislodge the fact that, in Barr's case,[3] § 53.1-116 is subject to §§ 53.1-202.3 and 53.1-202.4. See VA. CODE § 53.1-116(A). Section 53.1-202.3 provides that a "maximum of four and one-half sentence credits may be earned for each 30 days served," and details that the earning of sentence credits shall be conditioned "in part, upon full participation in and cooperation with" an inmate's assigned prison programs. Id.[4] Section 53.1-202.4(4), for its part, vests discretion in the Board of Corrections to establish "such additional requirements for the earning of sentence credits as may be deemed advisable and as are consistent with the purposes of this article." Id. Compare Board of Pardons v. Allen, 482 U.S. 369, 376-381 (1987) (statute created a liberty interest protected by the due process clause when it provided that parole release was mandatory when certain findings were made).

"Although inmates have a liberty interest in good time credit they have already earned, no such interest has been recognized in the opportunity to earn good time credit where, as here, prison officials have discretion to determine whether an inmate or class of inmates is eligible to

---

[3]Section 53.1-202.4 applies to felonies committed on or after January 1, 1995. See VA. CODE § 53.1-202.2(A). The good time credit which Barr seeks relates to his participation in certain prison programs between August 2008 and January 2009. (Docket No. 26-1 at 17-18.) At this time, he had begun serving his sentences for the felonies he committed after January 1, 1995. (Docket No. 22-1 at ¶ 11.)

[4]The court notes that Barr was credited with 9 days of extraordinary good time credit between September 2008 and January 2009. (Docket No. 22-1 at 15-16.)

7

earn good time credit." Abed v. Armstrong, 209 F.3d 63, 66-67 (2d Cir. 2000) (citation omitted). Accordingly, because Barr contests only VDOC's discretionary decision not to award him with the twenty days of good time credit he seeks, his final claim does not implicate a federal constitutional right. See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455–57 (1985) ("[R]evocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record.") (emphasis added) (citation omitted); Greenholtz, 442 U.S. at 12; see also Shaw v. Murphy, 532 U.S. 223, 229 (2001) (reiterating the deference due to prison administrators charged with violating prisoners' constitutional rights). Accord Smith v. Johnson, 2008 WL 4960436, at *3 n. 2 (W.D. Va. Nov. 19, 2008) (Wilson, J.) (unpublished); Ewell v. Murray, 813 F. Supp. 1180, 1183 (W.D. Va. 1993) (Turk, J.), aff'd, 11 F.3d 482 (4th Cir. 1993).[5]

Because Barr has not contested any other aspect of the Supplemental Affidavit, the court will assume that he believes it is otherwise correct. See Docket No. 20 at 3-4. Obviously, the court does not take lightly the allegation that a citizen of the United States is illegally imprisoned. The fact that Barr appears to lack a state judicial forum for remedying errors with respect to the calculation of his state sentence is also unsettling, particularly as the error which VDOC conceded earlier was apparently not rectified until after Barr had exhausted his state remedies. Furthermore, the Supplemental Affidavit tendered by the respondents in this case fails to entirely explain the disparities between VDOC's calculations and the legal updates received

---

[5]The court further notes that, under VDOC Operating Proc. 830.4(IV)(C), "[t]he total of all good time awarded to offenders serving felony sentences for crimes committed after January 1, 1995 is limited to 4.5 days per 30 days served." (Docket No. 22-2.) See also VA. CODE § 53.1-202.3 (same).

8

by Barr. Were it not for the fact that the individual claims here appear to be legally defective for reasons unrelated to the somewhat tenuous grounds offered by VDOC, the court might be of the opinion that some more extraordinary action would be appropriate.

As Judge Easterbrook has pointed out in a similar context, "If [the State] wants federal courts to treat its [prison disciplinary boards'] decisions with more respect, it has only to provide for review in its own courts as an initial matter." Johnson v. Finnan, 467 F.3d 693, 695 (7th Cir. 2006). Likewise, if there is in fact no oversight by the Virginia court system over VDOC's calculations of state inmates' terms of incarceration, VDOC runs the risk of having to explain its sentence computations in court appearances so that the court may ensure that no federal due process rights have been implicated. Nevertheless, the court has carefully reviewed each of the claims that Barr has currently brought before it and has determined that the particular challenges he raises to VDOC's sentence calculations fail to implicate his federal rights. It follows that the respondents' motion to dismiss must be granted. Raines, 423 F.2d at 529.

## IV. Conclusion

For these reasons, the respondents' motion to dismiss will be granted.

The petitioner is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or of this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Id. Therefore, this court declines to issue any

certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and to counsel of record for the respondents.

ENTER: This 6th day of July, 2011.

_____
Chief United States District Judge